UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEDDY LeROY WILSON, Jr., Inmate #23700343,<br><br>         Plaintiff,<br><br>vs.<br><br>UNKNOWN Oceanside Police Officers; UNKNOWN Tri City Hospital Staff; UNKNOWN Oceanside Fire Department Staff; UNKNOWN Oceanside Trainers and Supervisors,<br><br>         Defendants. | Case No.: 23-CV-270 TWR (DDL)<br><br>**ORDER (1) GRANTING SUPPLEMENTAL MOTION TO PROCEED *IN FORMA PAUPERIS*; (2) DENYING AS MOOT ORIGINAL MOTION TO PROCEED *IN FORMA PAUPERIS*; (3) SCREENING COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) AND 1915A(b); AND (4) DIRECTING PLAINTIFF TO PROVIDE WRITTEN NOTICE IDENTIFYING DOE DEFENDANTS FOR SERVICE OF PROCESS**<br><br>(ECF Nos. 1–3) |

  On February 7, 2023, Plaintiff Teddy LeRoy Wilson Jr., who is a prisoner proceeding pro se, filed this this civil rights action pursuant to 42 U.S.C. § 1983. (*See generally* ECF No. 1 ("Compl.").) Wilson has also filed a Motion to Proceed to Proceed *In Forma Pauperis* ("IFP") ("Original IFP Mot.," ECF No. 2) and a Supplemental Motion to Proceed IFP ("Supp. IFP Mot.," ECF No. 3).

/ / /

## MOTIONS TO PROCEED *IN FORMA PAUPERIS*

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if she is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). A prisoner who is granted leave to proceed IFP, however, remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 85 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. §§ 1915(b)(1), (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. §§ 1915(b)(1), (4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 85.

Plaintiff did not submit a certified a copy of his trust account statement or a prison certificate with his Original IFP Motion, but he did provide those documents in support of

---

[1] In civil actions except for applications for a writ of habeas corpus, civil litigants bringing suit must pay the $350 statutory fee in addition to a $52 administrative fee. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020). The $52 administrative fee does not apply, however, to persons granted leave to proceed IFP. *Id.*

his Supplemental IFP Motion pursuant to 28 U.S.C. § 1915(a)(2) and Civil Local Rule 3.2. *See Andrews*, 398 F.3d at 1119. Those documents show Plaintiff has an available balance of $.98. (*See* Supp. IFP Mot. at 4–5.) The Court therefore **GRANTS** Plaintiff's Supplemental IFP Motion (ECF No. 3); **DENIES AS MOOT** Plaintiff's Original IFP (ECF No. 2); **DECLINES** to exact the initial filing fee because Plaintiff's trust account statement indicates he may have "no means to pay it," *Bruce*, 577 U.S. at 85; and **DIRECTS** the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), or his designee, to instead collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1) and forward them to the Clerk of the Court. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 577 U.S. at 85; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered").

## SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) AND 1915A(b)

Because Plaintiff is a prisoner, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

/ / /

/ / /

## I. Legal Standard

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id*.; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

/ / /

/ / /

## II.    Plaintiff's Allegations

In early January of 2023, Plaintiff was hiding in the back stall of the women's bathroom at the Oceanside transit station because he was "fearing for [his] life and safety from unknown individuals after me for being a [California Penal Code section] 290" sex offender registrant.[2]  (*See* Compl. at 5.)  Police arrived at the transit station bathroom, identified themselves as police officers, and may have told Plaintiff to come out of the bathroom.  (*See id.*)  Plaintiff told them he would be out in ten minutes.  (*See id.*)

The officers then unlocked and opened the bathroom stall door and rushed at Plaintiff.  (*See id.* at 6.)  Plaintiff "raised [his] hands to shield his face," but the officers "beat him to the ground" by striking him in the face, head, and shoulders.  (*See id.*)  His head began ringing and blood began dripping from the left side of his face.  (*See id.*)  While Plaintiff was on the ground, an officer kneed him in the ribs at least three times, causing him "enormous pain."  (*See id.*)  The officers then cuffed Plaintiff.  (*See id.*)  When Plaintiff asked the officers to loosen the cuffs because they were so tight they were causing him pain, the officers said "no."  (*See id.* at 6–7.)  The officers then placed a "spit sock" over his head and a wrap around his legs.  (*See id.* at 8.)  As a result of this incident, Plaintiff was ultimately charged with resisting arrest.  (*See id.*)

After his arrest, Plaintiff was "slammed" onto a gurney and taken to Tri City Hospital.  (*See id.*)  At the hospital, unknown individuals rolled Plaintiff onto his left side, where his ribs were injured, and then onto his back with his cuffed hands underneath him several times.  (*See id.*)  Both of these actions caused him extreme pain.  (*See id.*)  Plaintiff continues to suffer pain from his encounter with police, including a "left wrist that pops and clicks," "pain and numbness in [his] left shoulder," "excruciating pain in [his] right knee," "pain in [his] ribs . . . [that makes it] difficult to breathe," and "dizzy spells [and] light headedness."  (*See id.* at 12, 18.)

---

[2] California Penal Code section 290 requires persons convicted of specified offenses to register with law enforcement.

### III. Analysis

"All claims that law enforcement officers have used excessive force—deadly or otherwise—in the course of an arrest must be analyzed under the Fourth Amendment and its "reasonableness" standard." *Smith v. City of Hemet*, 394 F.3d 689, 700 (9th Cir. 2005) (citing *Graham v. Connor*, 490 U.S. 386, 395 (1989)); *see also Ward v. City of San Jose*, 967 F.2d 280, 284 (9th Cir. 1992), *as amended*. "Reasonableness" is determined by an objective standard. *See Graham*, 490 U.S. at 397. To determine whether a use of force was objectively reasonable, a court must balance the "nature and quality of the intrusion" on a person's liberty with the "countervailing governmental interests at stake." *See id.* at 396. "The question is not simply whether the force was necessary to accomplish a legitimate police objective; it is whether the force used was reasonable in light of *all* the relevant circumstances." *Hammer v. Gross*, 932 F.2d 842, 846 (9th Cir. 1991) (emphasis in original).

The Court **FINDS** Plaintiff's Complaint states a plausible cause of action for excessive force against Defendants that is sufficient to survive the "low threshold" for proceeding past the *sua sponte* screening required under §§ 1915(e)(2) and 1915A(b). *See Wilhelm*, 680 F.3d at 1123; *Wall v. Cnty. of Orange*, 364 F.3d 1107, 1112 (9th Cir. 2004) (finding excessively tight handcuffing which caused permanent nerve damage violated the Fourth Amendment); *Lopez v. Clous*, No. C 13-3870 CRB (PR), 2014 WL 4131839, at *4 (N.D. Cal. Aug. 21, 2014) (concluding a reasonable jury could find defendants used excessive force when they kicked and punched plaintiff while he was handcuffed and on the ground); *Thompson v. Thatcher*, No. 1:11-cv-01198-LJO-JLT, 2012 WL 6054802, at *3 (E.D. Cal. Dec. 5, 2012) (finding plaintiff's complaint survived screening where he alleged officers hit him in the face numerous times, put a knee in plaintiff's ribs, and hit plaintiff in the temple, forehead, face, and neck before he was handcuffed).

Nonetheless, the Court does not find service appropriate for Defendants at this time because the U.S. Marshals Service ("USMS") cannot serve an "unknown" defendant. The Court will, however, give Plaintiff an opportunity to identify the defendants. *See Gillespie*

*v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) ("As a general rule, the use of 'John Doe' to identify a defendant is not favored. . . . However, . . . where the identity of alleged defendants will not be known prior to the filing of a complaint[,] . . . the plaintiff should be given an opportunity . . . to identify the unknown defendants, unless it is clear that discovery would not uncover the identities[.]"). Before the Court can order the USMS to serve Defendants, Plaintiff will be required to provide enough information to locate the Defendants for service of process. *Once Plaintiff identifies Defendants for service, he should file a motion to substitute the identities of Unknown Oceanside Police Officers, Unknown Tri City Hospital Staff, Unknown Oceanside Fire Department Staff, and Unknown Oceanside Trainers and Supervisors and where they may be located.* Even if Plaintiff is unable to ascertain the Unknown Defendants' complete names and/or a location where they can be found, he should nonetheless endeavor to include in his motion enough identifying information to allow for service of process. If the Court grants the motion to substitute, the Court will then direct the USMS to serve the Defendants identified by Plaintiff. If Plaintiff fails timely to provide enough information sufficiently to identify the Unknown Defendants, however, the Court will dismiss this action without prejudice. *See* Fed. R. Civ. P. 4(m).

## CONCLUSION

Good cause appearing, the Court:

1) **GRANTS** Plaintiff's Supplemental IFP Motion (ECF No. 3);

2) **DENIES AS MOOT** Plaintiff's Original IFP (ECF No. 2);

3) **DECLINES** to exact the initial filing fee;

4) **DIRECTS** the Secretary of the CDCR or his designee to collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1) and forward them to the Clerk of the Court;

5) **FINDS** Plaintiff's Complaint satisfies the "low threshold" for proceeding past the *sua sponte* screening required under § 1915(e)(2) and § 1915A(b);

      6) **ORDERS** Plaintiff, ***within ninety (90) days of the date this Order is signed***, to ***EITHER*** (1) file a motion to amend his Complaint to substitute Unknown Oceanside Police Officers, Unknown Tri City Hospital Staff, Unknown Oceanside Fire Department Staff, and Unknown Oceanside Trainers and Supervisors with either their names or, if full names cannot be obtained, enough identifying information about Unknown Oceanside Police Officers, Unknown Tri City Hospital Staff, Unknown Oceanside Fire Department Staff, and Unknown Oceanside Trainers and Supervisors to allow the USMS to execute service of process on them; ***OR*** (2) file a notice containing a summary of all efforts, even if they were ultimately futile, Plaintiff made to obtain information on the identities of Defendants if sufficient identifying information cannot be obtained during the allotted time; and

      7) **NOTIFIES** *Plaintiff that the failure to comply with this Order will result in dismissal of this action, without prejudice, for failure timely to effect service of process pursuant to Federal Rule of Civil Procedure 4(m).*

      **IT IS SO ORDERED**.

Dated: April 24, 2023

                         */s/ Todd Robinson*
                         Honorable Todd W. Robinson
                         United States District Judge