UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEDDY LeROY WILSON, Jr., CDCR #BC5903,<br><br>                                        Plaintiff,<br><br>          vs.<br><br>Sgt. JEFFREY BRANDT, Oceanside Police; DANIAL POST, Oceanside Police Officer; AARON WEIRICH, Oceanside Police Officer; MICHELLE ALARCON, Oceanside Police Officer; NATALIE LASER, Oceanside Police Officer; DUSTIN LUNDY, Oceanside Police Officer; B. WALKER; Oceanside Police Officer; T. NELSON, County Probation; UNKNOWN Tri City Hospital Staff; UNKNOWN Oceanside Fire Department Staff; UNKNOWN Oceanside Trainers and Supervisors,<br><br>                                        Defendants. | Case No.:  23-CV-270 TWR (DDL)<br><br>**ORDER (1) DIRECTING THE CLERK OF COURT TO ADD DEFENDANTS TO THE DOCKET; (2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF COMPLAINT AND SUMMONS UPON DEFENDANTS BRANDT, POST, WEIRICH, ALARCON, LASER, LUNDY, WALKER, AND NELSON PURSUANT TO 28 U.S.C. § 1915(d) AND FED. R. CIV. P. 4(c)(3)**<br><br>(ECF No. 6) |

On February 7, 2023, Plaintiff Teddy LeRoy Wilson Jr., who is a prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 against "Unknown Oceanside Police Officers etc.[,] Unknown Tri City Hospital Staff etc.[,] Unknown Oceanside Fire Department Staff etc.[, and] Unknown Trainers and Supervisors

etc.," (*see* ECF No. 1 ("Compl.")), and two motions to proceed *in forma pauperis* ("IFP"). (*See* ECF Nos. 2–3.) On April 24, 2023, the Court granted Plaintiff IFP status and screened his Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), concluding that he had stated an excessive force claim against the Doe Defendants but finding that service was not appropriate at that time because the U.S. Marshals Service ("USMS") cannot serve an "unknown" defendant. (*See* ECF No. 5 at 6–7.) The Court therefore gave Plaintiff ninety days to identify the Doe Defendants. (*See id.* at 8); *see also Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) ("As a general rule, the use of 'John Doe' to identify a defendant is not favored. . . . However, . . . where the identity of alleged defendants will not be known prior to the filing of a complaint[,] . . . the plaintiff should be given an opportunity . . . to identify the unknown defendants, unless it is clear that discovery would not uncover the identities[.]").

Plaintiff has now filed a document identifying seven Defendants with the Oceanside Police and one Defendant with County Probation and asking to add those individuals as Defendants in his case. (*See* ECF No. 6.) Plaintiff also advises that he is currently seeking the identities of the Unknown Tri City Hospital Staff, Unknown Oceanside Fire Department Staff, and Unknown Oceanside Trainers and Supervisors. (*See id.*) Accordingly, the Court:

1.	**DIRECTS** the Clerk of Court to add to the docket as Defendants: Sgt. JEFFREY BRANDT, Oceanside Police; DANIAL POST, Oceanside Police Officer; AARON WEIRICH, Oceanside Police Officer; MICHELLE ALARCON, Oceanside Police Officer; NATALIE LASER, Oceanside Police Officer; DUSTIN LUNDY, Oceanside Police Officer; B. WALKER; Oceanside Police Officer; T. NELSON, County Probation;

2.	**DIRECTS** the Clerk of Court to issue summonses as to Plaintiff's Complaint (ECF No. 1) upon Defendants BRANDT, POST, WEIRICH, ALARCON, LASER, LUNDY, WALKER, and NELSON, and forward them to Plaintiff along with blank USM-285s. The Clerk also shall provide Plaintiff with certified copies of this Order, certified

copies of his Complaint, and the summonses so that he may serve BRANDT, POST, WEIRICH, ALARCON, LASER, LUNDY, WALKER, and NELSON. *Upon receipt of this "IFP Package," Plaintiff must (a) complete the USM-285s as completely and accurately as possible; (b) include an address where BRANDT, POST, WEIRICH, ALARCON, LASER, LUNDY, WALKER, and NELSON may be found and/or subject to service pursuant to Civil Local Rule 4.1c.; and (c) return them to the USMS according to the instructions the Clerk provides.*

3.    **ORDERS** the USMS to serve a copy of Plaintiff's Complaint (ECF No. 1) and summons upon Defendants BRANDT, POST, WEIRICH, ALARCON, LASER, LUNDY, WALKER, and NELSON at the addresses provided by Plaintiff on the USM-285s provided and file executed waivers of personal service upon BRANDT, POST, WEIRICH, ALARCON, LASER, LUNDY, WALKER, and NELSON with the Clerk of Court as soon as possible after their return. Should Defendants BRANDT, POST, WEIRICH, ALARCON, LASER, LUNDY, WALKER, and NELSON fail to return the USMS's request for waiver of personal service within ninety (90) days, the USMS must instead file the completed USM-285s Process Receipt and Return with the Clerk of Court; include the date the summons, Complaint, and request for waiver was mailed to BRANDT, POST, WEIRICH, ALARCON, LASER, LUNDY, WALKER, and NELSON; and indicate why service remains unexecuted. All costs of service will be advanced by the United States; however, if BRANDT, POST, WEIRICH, ALARCON, LASER, LUNDY, WALKER, and NELSON are located within the United States and fail without good cause to sign and return the waiver requested by the USMS on Plaintiff's behalf, the Court will impose upon BRANDT, POST, WEIRICH, ALARCON, LASER, LUNDY, WALKER, and NELSON any expenses later incurred in making personal service. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

4.    **ORDERS** Defendants BRANDT, POST, WEIRICH, ALARCON, LASER, LUNDY, WALKER, and NELSON, once served, to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a).

*See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the court has conducted its sua sponte screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) and therefore has made a preliminary determination based on the face on the pleading alone that the plaintiff has a "reasonable opportunity to prevail on the merits," the defendant is required to respond).

5.      **ORDERS** Plaintiff, after service has been effected by the USMS, to serve upon Defendants BRANDT, POST, WEIRICH, ALARCON, LASER, LUNDY, WALKER, and NELSON or, if an appearance has been entered by counsel, upon counsel for BRANDT, POST, WEIRICH, ALARCON, LASER, LUNDY, WALKER, and NELSON a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Federal Rule of Civil Procedure 5(b).  Plaintiff must include with every original document he seeks to file with the Clerk of Court a certificate stating the manner in which a true and correct copy of that document was served on BRANDT, POST, WEIRICH, ALARCON, LASER, LUNDY, WALKER, and NELSON or their counsel and the date of that service.  *See* S.D. Cal. CivLR 5.2.  Any document received by the Court that has not been properly filed with the Clerk or which fails to include a certificate of service upon BRANDT, POST, WEIRICH, ALARCON, LASER, LUNDY, WALKER, and NELSON or their counsel may be disregarded.

**IT IS SO ORDERED**.

Dated:  May 24, 2023

Honorable Todd W. Robinson
United States District Court