UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEDDY LEROY WILSON,<br><br>                      Plaintiff,<br><br>v.<br><br>UNKNOWN OCEANSIDE POLICE OFFICERS, et al.,<br><br>                      Defendants. | Case No.: 23-cv-270-TWR-DDL<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART PLAINTIFF'S MOTION FOR LEAVE TO AMEND**<br><br>and<br><br>**(2) DIRECTING PLAINTIFF TO FILE FIRST AMENDED COMPLAINT**<br><br>**[Dkt. No. 9]** |

Plaintiff Teddy Leroy Wilson ("Plaintiff") is proceeding *pro se* in this action pursuant to 42 U.S.C. § 1983, alleging defendants violated his rights under the United States Constitution. Before the Court is Plaintiff's "Motion and Request for Leave to Amend [the] Complaint to Submit Documents in Support of Complaint and Claims." Dkt.

///

///

///

///

No. 9. For the reasons stated below, Plaintiff's Motion is **GRANTED IN PART**.[1] Plaintiff must file a First Amended Complaint as described in this Order by not later than <u>September 22, 2023</u>.

## I.

## BACKGROUND

On February 7, 2023, Plaintiff filed a complaint against "Unknown Oceanside Police Officers," "Unknown Tr[i-]City Hospital Staff," "Unknown Oceanside Fire Department Staff," and "Unknown Trainers and Supervisors." *See* Dkt. No. 1. Plaintiff's allegations relate to his arrest while he was hiding in a women's restroom at the Oceanside Transit Station. *Id.* at 5.[2] Upon screening the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), the District Court determined Plaintiff had stated a plausible claim for excessive force against Defendants. Dkt. No. 5 at 6. Noting service could not be effected upon unknown individuals, however, the District Court directed Plaintiff to "provide enough information to locate the Defendants for service of process." *Id.* at 6-7. Plaintiff subsequently identified Oceanside Police employees Brandt, Post, Weirich, Alarcon, Laser, Lundy, Walker and Nelson. Dkt. No. 6. All but Nelson have been served and, with the City of Oceanside, answered the complaint. Dkt. Nos. 12-19.

Plaintiff now moves to amend his complaint to "submit document(s) in support of [his] complaint and claims against Defendants." Dkt. No. 9 at 1. Attached to the motion is a copy of an "Arrest/Juvenile Contact Report" from Plaintiff's arrest, dated January 4,

---

[1] "Generally, a motion for leave to amend the pleadings is a nondispositive matter that may be ruled on by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)." *Morgal v. Maricopa Cnty. Bd. of Sup'rs*, 284 F.R.D. 452, 458 (D. Ariz. 2012). A ruling on a motion for leave to amend would be considered dispositive if a party is denied the opportunity to assert a new claim or defense (*e.g.*, when the ruling is with prejudice). *See id.*

[2] All page citations are to CM/ECF page numbers.

2023. *Id.* at 3. Plaintiff asks the Court to "accept his motion to submit . . . the report as a[n] admission . . . [of] overexcessive force by Oceanside Police officers." *Id.* at 2.

## II.
## **LEGAL STANDARDS**

Federal Rule of Civil Rule 15(a)(2) directs the Court to "freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). "In exercising its discretion" whether to allow amendment, the Court "must be guided by the underlying purpose of Rule 15 – to facilitate decision on the merits rather than on the pleadings or technicalities." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).[3] Thus, while leave to amend is not guaranteed, it "should be granted with extreme liberality." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009). The Court should permit a party to amend its pleadings "unless [the] amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Yakama Indian Nation v. State of Wash. Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). "[T]he nonmoving party bears the burden of demonstrating why leave to amend should not be granted." *Genentech, Inc. v. Abbott Lab'ys*, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989).

## III.
## **DISCUSSION**

The Court begins with the "*presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Cap. LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (emphasis in original). Here, Plaintiff has submitted a document directly relevant to his claims, and if there are facts contained in the arrest report Plaintiff wants to add to his complaint, the Court finds he should not be prohibited from doing so. Defendants argue any such additional facts "only add[] unnecessary surplusage" to the existing allegations,

---

[3] All citations, internal quotation marks, and subsequent history are omitted unless otherwise noted.

Dkt. No. 22 at 3, but it is well settled that "a plaintiff is the master of his complaint." *Newtok Vill. v. Patrick*, 21 F.4th 608, 616 (9th Cir. 2021). The Court is not persuaded Plaintiff's pleading of additional facts based on the arrest report, or attaching the report to the complaint, would violate the mandate that allegations be stated concisely. *Cf.* Dkt. No. 22 at 3 (citing Fed. R. Civ. P. 8). The Court is also mindful it cannot demand precision from a pro se litigant's pleadings, and that leave to amend "should be granted more liberally to *pro se* plaintiffs." *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003). Nor are there facts in the record to support a finding of bad faith, undue delay or futility with respect to Plaintiff's request for leave to amend. Accordingly, the Court **GRANTS** Plaintiff leave to amend his complaint to state additional facts based on the arrest report.

However, Defendants also assert that through his motion, Plaintiff "requests the [C]ourt to make a legal determination regarding an important piece of evidence in this litigation" without providing Defendants an opportunity to be heard. Dkt. No. 22 at 4. The Court agrees. Plaintiff's request that the Court "accept" the arrest report, or any facts contained in it, as an "admission" of his allegations, Dkt. No. 9 at 2, is improper. To the extent Plaintiff's motion can be construed as a request that certain facts be deemed admitted, the request is **DENIED**. Plaintiff is cautioned that allegations in the operative complaint, and any subsequent complaint, are – by definition – unproven. Plaintiff's claims remain subject to proof in the form of evidence which Plaintiff must develop through discovery.

Furthermore, although the Court has granted Plaintiff leave to plead additional facts in support of his claims, he cannot amend his complaint by supplementation. Because an "amended complaint supersedes the original," Plaintiff must file a First Amended Complaint without reference to any previous pleading. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012); CivLR 15.1 (requiring "[e]very pleading to which amendment is permitted . . . must be complete in itself without reference to the superseded pleading."). Plaintiff's First Amended Complaint must also comply with Federal Rule of Civil Procedure 8 in all respects, meaning "each claim and the involvement of each

defendant must be alleged; . . . [and] must include a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought." *Turley v. Lezano*, No. 3:22-CV-1719-GPC-DDL, 2023 WL 3727939, at *2 (S.D. Cal. May 30, 2023).

To be clear, Plaintiff must complete a new prisoner civil rights complaint on the Court's form. Plaintiff's First Amended Complaint: (1) must name all current Defendants, including the "Unknown Oceanside Police Officers," "Unknown Tri City Hospital Staff," "Unknown Oceanside Fire and Paramedics," and "Unknown Oceanside Police Supervisors and Trainers" whose identities are not yet known; (2) must not name any additional Defendants; (3) must reallege Plaintiff's excessive force claims as stated in his original complaint; and (4) must not add any other claims. Plaintiff's First Amended Complaint must bear the docket number 3:23-cv-00270-TWR-DDL and must be clearly labeled "First Amended Complaint." Plaintiff is advised that any claims not realleged in the First Amended Complaint may be considered waived. *See Lacey*, 693 F.3d at 928.

## IV.
## CONCLUSION

For the foregoing reasons, Plaintiff's motion to amend [Dkt. No. 9] is **GRANTED IN PART**. By not later than **September 22, 2023**, Plaintiff must file a First Amended Complaint consistent with the instructions above. If Plaintiff fails to timely file a First Amended Complaint, Plaintiff's original complaint [Dkt. No. 1], with the addition of the named Defendants as stated in the Court's May 24, 2023, Order [Dkt. No. 7], will remain the operative pleading.

**IT IS SO ORDERED.**

Dated: August 21, 2023

_David Leshner_
Hon. David D. Leshner
United States Magistrate Judge