UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEDDY LEROY WILSON,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>UNKNOWN OCEANSIDE POLICE OFFICERS, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 23-cv-270-TWR-DDL<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**<br><br>[Dkt. No. 25] |

Plaintiff Teddy Leroy Wilson ("Plaintiff") is proceeding *pro se* in this action pursuant to 42 U.S.C. § 1983. Before the Court is a document titled "Protective Order for Teddy LeRoy Wilson Jr. Plaintiff and Restraining Order Against Defendants," by which Plaintiff seeks a "protective order, restraining order and or stay away order" "so that [Defendants] will not harass, harm, discriminate, stalk, [or] mob [him] or be privy to [his] personal information" (the "Motion"). Dkt. No. 25. The Court construes Plaintiff's filing as a motion for a preliminary and permanent injunction. The Motion has been referred to the undersigned for decision. For the reasons stated below, Plaintiff's Motion is **DENIED**.

/ / /

/ / /

/ / /

1

# I.
# BACKGROUND

Plaintiff has sued various law enforcement personnel employed by the City of Oceanside (among others), alleging they used "overexcessive force" against him during his arrest at the Oceanside Transit Center on January 4, 2023. *See generally* Dkt. No. 1. Plaintiff now moves for a "protection order" against Sgt. Jeffrey Brandt, Michelle Alaracon, and Officers Daniel Post, Aaron Weirich, Billy Walker, Natalie Laser and Dustin Lundy of the City of Oceanside (collectively herein, "Defendants") and T. Nelson of "County Probation."[1] Dkt. No. 25 at 1. Plaintiff states such an order is necessary so that the named officers "will not retaliate against [him] for filing this civil case. . . or approch [*sic*] [him] to provoke an incedent [*sic*] and make it look like a normal routine stop." *Id.* Plaintiff states he fears the officers will "recognize [him] on the street . . . [and] provoke an incedent [*sic*] with no probable cause." *Id.* at 2. Plaintiff requests the Court enter a "life time protective order," prohibiting the named officers and their colleagues, friends or family from "committing or allowing harmful acts to happen again." *Id.*

# II.
# DISCUSSION

Notwithstanding Defendants' assertion that "[c]ivil restraining orders as Plaintiff requests here come under the jurisdiction of the state court and are governed under Code of Civil Procedure [section] 527.6" (Dkt. No. 31 at 3), the Court finds federal law governs this federal civil rights action. Because "courts have an independent obligation to police their own subject matter jurisdiction, including the parties' standing," *Animal Legal Def. Fund v. United States Dep't of Agric.*, 935 F.3d 858, 866 (9th Cir. 2019), the Court further finds Plaintiff lacks standing to seek injunctive relief under well-established Supreme Court authority.

---

[1] T. Nelson has not yet appeared in the action.

In *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983) (hereinafter "*Lyons*"), plaintiff Lyons was allegedly injured when police officers applied a "chokehold" during a routine traffic stop. *Id.* at 97. He sought a preliminary and permanent injunction against the use of such chokeholds, asserting he "justifiably fear[ed] that any contact he ha[d] with Los Angeles police officers may result in his being choked … without provocation." *Id.* at 97-98. The Supreme Court reversed the trial court's entry of the injunction, finding Lyons's "abstract injury" did not create an "actual case or controversy" and thus, the trial court lacked jurisdiction to grant the requested relief. *Id.* at 101-02; *see also id.* at 107 (finding Lyons's allegations "an insufficient basis to provide a federal court with jurisdiction to entertain" the request for injunctive relief).[2] The *Lyons* court explained:

> That Lyons may have been illegally choked by the police on [the date of his stop], while presumably affording Lyons standing to claim damages against the individual officers . . . does nothing to establish a real and immediate threat that he would again be stopped . . . by an officer or officers who would illegally choke him into unconsciousness without any provocation or resistance on his part.

*Id.* at 106. In other words, even assuming the truth of Lyons's allegations of unconstitutional conduct during his traffic stop, it was "surely no more than speculation to assert" those circumstances would be repeated. *Id.* at 108. The Supreme Court has clarified that "[a]lthough imminence is a somewhat elastic concept, it cannot be stretched beyond its purpose, which is to ensure that the alleged injury is not too speculative for Article III purposes," and reiterated that "allegations of *possible* future injury" are insufficient to confer standing. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (emphasis in original).

The *Lyons* court alternatively held that even if Lyons's standing were assumed, he would not be entitled to seek injunctive relief, because "th[at] equitable remedy is

---

[2] All citations and internal quotation marks are omitted unless otherwise noted.

unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again . . ..." *Lyons*, 461 U.S. at 111.  The Supreme Court concluded "[t]he speculative nature of Lyons'[s] claim of future injury requires a finding that this prerequisite of equitable relief has not been fulfilled." *Id.*   The Supreme Court declined to relax the prerequisites for equitable relief in Lyons's case, "recogniz[ing] the need for . . . restraint in the issuance of injunctions against state officers engaged in the administration of the states' criminal laws in the absence of irreparable injury which is both great and immediate." *Id.* at 112; *see also Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1042 (9th Cir. 1999) ("The Supreme Court has repeatedly cautioned that, absent a threat of immediate and irreparable harm, the federal courts should not enjoin a state to conduct its business in a particular way.").

The Court finds the reasoning in *Lyons* fatal to Plaintiff's Motion.  As in *Lyons*, Plaintiff's single encounter with Defendants does not establish that further such encounters are imminent or likely. *See Lyons*, 461 U.S. at 105; *see also McDonald v. Cnty. of Sonoma*, 506 F. Supp. 3d 969, 988 (N.D. Cal. 2020) (dismissing claim for injunctive relief where plaintiff "ha[d] not shown a sufficient likelihood that police officers will further violate his rights").  And, as in *Lyons*, Plaintiff's fear that Defendants or their unnamed "co-workers," "friends" and "family" will "recognize [Plaintiff] on the street" and "provoke" an incident with him or read his "confidential documents," including his diary (*see* Dkt. No. 25 at 2), "is no more than conjecture." *Lyons*, 461 U.S. at 108; *accord Wolfe v. City of Portland*, 566 F. Supp. 3d 1069, 1079 (D. Or. 2021) (to establish standing to seek injunctive relief, "[t]he threat of repeated future injury . . . may not be conjectural or hypothetical").

Accordingly, the Court concludes it lacks jurisdiction to grant Plaintiff a "life time protective order" (Dkt. No. 23 at 2) or, alternatively, that Plaintiff has not established the necessary "real and immediate threat" to entitle him to injunctive relief. *See Lyons*, 461 U.S. at 107, 111.

/ / /

/ / /

## III.
## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for a Protective Order [Dkt. No. 25] is **DENIED**.

**IT IS SO ORDERED.**

Dated: October 4, 2023

*David Leshner*

Hon. David D. Leshner
United States Magistrate Judge